SCOTT, Estate of, In re., DEPARTMENT OF TAXATION OF THE STATE OF OHIO, Appellant, v. KNELL, et., Appellees

Ohio Appeals, Second District, Franklin County.

No. 4067.  Decided November 20, 1947.

**194**

W. H. Middleton, Columbus, for appellant.

Willis H. Liggett, Columbus, and George Thornburg, St. Clairsville, for appellees.

## OPINION

By HORNBECK, J.

The appeal on questions of law from an order of the Probate Court denying the appellant, the relief sought, according to the statement of counsel for appellant, raises the following question: "Whether or not a certain declaration of trust made by Thom A. Scott on the 26th day of December, 1934, with Reichmann P. Knell, Jesse B. Martin and Nellie M. Scott, as trustees, constitutes a testamentary distribution of his estate to such an extent that it was made in contemplation of death within the meaning of §5332 GC."

It is the contention of the appellant that the successions passing under the trust are subject to the inheritance tax under the following paragraphs of §5332 GC:

Sec. 5332 GC: "A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:

'3. When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property:

(a) In contemplation of the death of the grantor, vendor, assignor, or donor, or,

(b) Intended to take effect in possession or enjoyment at or after such death."

The declaration of trust, of date December 26, 1934, was not made by the settlor, the terms and conditions under which it is accepted are set forth and it is signed by the trustees. But

contemporaneously therewith, it appears from the record that deeds and bills of sale for all property included in the trust res were duly executed by the settlor to the trustees, and although the deeds are not made a part of the bill of exceptions, they are identified therein. A short time before the declaration of trust was formally promulgated, the settlor wrote a letter to Mr. E. N. Huggins, his attorney, wherein his purposes to make the trust, the reasons therefor, and some of the beneficiaries to be named, therein, were set forth. Upon the whole record it fairly appears that the execution of the trust was a consummation of a long-time desire and purpose of Mr. Scott.

At the time the trust was created, Mr. Scott, then a resident of Bexley, Ohio, was seventy-two years of age. For more than half a century he had lived in Cadiz, Harrison County, where he was born. He had been closely and actively identified with the business and civic life of this community, was proud of its history and kindly and generously disposed toward its residents and institutions. He amassed a fortune in the manufacture of farm machinery. He had been the principal executive in two corporations and was active in these enterprises for many years prior to his death, which occurred in an automobile accident in December, 1944, when he was returning to his home from a business trip. He enjoyed good health and was active in physical pursuits and there is no evidence whatever that he had been sick or suffered from any disease or affliction on or about the time that he executed the trust, or subsequent thereto. A little more than a month following the declaration of the trust Dr. Charles W. McGavran of Columbus, Ohio, reporting to Mr. Scott on a physical and clinical check-up, reported that,

"For a man of seventy-two years, you pass a most satisfactory examination in every particular, and we are sending you away with the statement that you need no medicine, whatsoever."

Without setting forth any more of the factual development, suffice to say, that there is nothing in the record from which it could be logically inferred that at the time Mr. Scott completed the trust he contemplated death or that the imminence of death operated at all in shaping his action respecting the trust.

His death occurring more than two years after the execution of the trust, there is no presumption that it was made in contemplation of death and the burden of establishing

such purpose was upon the Commission. **Tax Commission v. Lamson, Exr., 43 Oh Ap 510.**

The test to be applied to determine whether the trust was executed in contemplation of the death of the settlor is set out in the 4th syllabus of **Tax Commission v. Parker, 117 Oh St 215, 158 N. E. 89:**

"The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transferor was to distribute or partially distribute his estate, or was simply to do an act of generosity or kindness."

Also, **In Re, Estate of Robinson, 145 Oh St 55, 60 N. E. (2d) 615.**

It is contended that the motive of Mr. Scott in executing the trust was to make a partial distribution of his estate in contemplation of death. His estate aggregated approximately $1,200,000.00 and the property which passed under the trust indenture was $471,101.56. Some seventeen beneficiaries were named, among whom were Mr. Scott's wife and daughter, some relatives, blood and collateral, and some who were but friends. At the termination of the trust, one year after December 31, 1975, the trustees were directed to assign, transfer and convey unto the Methodist Episcopal Church of Cadiz, all the trust property of every nature and description then in their hands or under their control. A portion of the principal of the fund sufficient to produce an annual income of $5,000.00 for a pastor's annual salary, was required to be invested in approved securities. Three hundred thousand dollars of the trust fund was to be used by the Church for the erection of a new edifice and the remainder, to be known as the Thom A. Scott Memorial Fund, was to be invested by the Trustees of said Church and the income used for the upkeep of the church property. There is further provision that if the gift to the Church should fail, the Trustees are authorized to employ the funds to create a Home for Old Ladies in the City of Cadiz, or for any other religious or charitable institution which they in their judgment may select.

The trust provided an annual income of $7,500.00 for Susie P. Scott, wife, and a like sum to Nellie M. Scott, daughter of the settlor, and that in the event of the death of either wife or daughter, during the tenure of the trust, the survivor shall receive the net income from the trust up to $15,900.00 annually. Further, that should both the wife and the daughter

die before said Thom A. Scott, he shall receive, during his lifetime, the net income of said trust estate up to the amount of $15,000.00 per annum.

In the will of Mr. Scott, executed October 15, 1942, by Item 1, he gave all of his furniture, household goods and personal effects, located at his home in Bexley, Ohio, and at his home in Altadena, California, to his daughter, Nellie M. Scott, who survived him, his wife having died before the making of the will. As a part of the item making the bequest to the daughter, he used this language:

"Due to the fact that I have heretofore provided for my daughter by way of a trust fund, I have given consideration thereto in making this will."

Some of the devisees and legatees of the will were the beneficiaries under the trust, but in no other item of the will, save that referring to the daughter, Nellie M. Scott, is any mention made of the trust.

It is urged by the appellant that Item I is indicative of the fact that the trust was a partial distribution of the estate of the settlor made in contemplation of his death, and cites in support of its position **Tax Commission v. Bank & Trust Company of Toledo, Trustees, et al., 117 Oh St 443.** As we read this case, it does not involve the same question nor the same section of the Code as presented here. **In Re Estate of Robinson, 145 Oh St 55,** is also cited. The 5th syllabus of this case holds:

"Where the transferor executes a will wherein a distribution to her children of certain shares of stock is directed to be made in such manner that the shares to be distributed, added to those she had previously given or might thereafter give to her children during her lifetime, would equalize the distribution of such shares to them, and thereafter during her lifetime makes a transfer of sufficient shares to one of her children to effect that purpose, such transfer constitutes a partial distribution of her estate in 'contemplation of death'."

The distribution of the property involved in the Robinson case was pursuant to the intention of testator as manifested in his will and as the Court said, was but a carrying out of the pattern of distribution indicated therein. The Court also said:

."The will cannot speak the intention of the testator before it was executed and would be competent only to indicate the motive for a gift thereafter made."

We find no persuasive effect to establish a testamentary purpose in the statement by the testator in Item I of the Scott will that in making the provision therein, he had taken into consideration the fact that he had made provision for his daughter by way of the trust fund.

The purposes actuating the testator in making his trust agreement are, no doubt, succinctly set forth in the "Declaration" which reads:

"KNOW ALL MEN BY THESE PRESENTS: That, whereas, Thom A. Scott, residing in the city of Bexley, County of Franklin, and State of Ohio, having for a long time wished to relieve himself from the cares of real estate and other property management and thus provide for himself more time for other business, pleasure, amusement and travel and to fulfill a long felt desire to help his wife, his daughter and certan other relatives and friends to enjoy more of the pleasures and luxuries of life than they do now enjoy, and to guard against their total impoverishment in their later years, and to prevent the dissipation of the principal of this trust property, so that reverence for our Holy Saviour and the teachings of Jesus Christ may be better advanced, has contemporaneously with the execution of these presents, assigned, deeded, transferred and delivered to the undersigned; R. P. Knell, of the Village of Upper Arlington, Franklin County, Ohio, J. B. Martin, of the town or city of St. Clairsville, Belmont County, Ohio, and Nellie M. Scott, of the city of Bexley, County of Franklin and State of Ohio, in trust, without power of revocation, the following real and personal property, to wit: * * *."

Pursuant thereto, he divested himself of any title or interest whatever to any property mentioned in the declaration of trust. The only reservation that was made therein never became effective because Mr. Scott's daughter survived him. It is our judgment that the trust was actuated by generosity and kindness on the part of Mr. Scott, with the purpose of benefiting his friends and relatives and the institution for which he had high regard, and that he wanted to, and did, effectuate this purpose during his lifetime and not in contemplation of death.

The other question raised is whether or not the succession to the Methodist Church of Cadiz was intended to take effect

in possession or enjoyment at or after Mr. Scott's death. Without discussing this proposition in detail, we are satisfied to rely upon the late case of **In Re Estate of Thompson, 147 Oh St 119**, wherein the same question was urged. Among other conditions of the Thompson trust was that final distribution thereof was not to be made until "at the expiration of thirty (30) years after the birth of the youngest child of Gladys Thompson Holmes, or at the death of the survivior of grantor, his said wife and daughter, whichever event is the latter, * * *." The Court held that this trust was not a gift intended to take effect in possession or enjoyment at or after the donor's death.

It is our conclusion that the Probate Judge was correct in holding against the contention of the appellant in both of the particulars assigned, which are made the subject of the exceptions in this appeal. The judgment will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.