**SEALY, Estate of, In re SEALY, Jr., Executor, Appellant, v. BOWERS, Tax Commr., Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6062. Decided August 11, 1959.

Albert H. Sealy, Jr., Dayton, for appellant.

Mark McElroy, Atty. Genl., Theodore J. Stubbs, John M. Tobin, Joseph L. White, Asst. Attys. Genl., Columbus, for appellee.

(WISEMAN, J, of the Second District, sitting by designation in the Tenth District.)

**OPINION**

By DUFFY, J.

On December 26, 1956, Albert H. Sealy executed a trust agreement with his son and transferred to the trust property worth approximately $19,980.00. In 1957 the father arranged for a conveyance to the trust

of property which was to come to him from the estate of his wife, who had died in November, 1956.

The trust originally provided for a possible sharing in the benefits by the father; but in February, 1957, his name was removed as a possible beneficiary under the trust. The remaining beneficiaries were his grandchildren, the children of his son.

At the time of the execution of the trust, the father was seventy-four years of age; and he died at age seventy-five, on January 15, 1958, of bilateral acute bronchopneumonia.

The Probate Court of Franklin County determined the inheritance tax and held that the trust property was valued at $39,346.67; that it was transferred without valuable consideration and within two years prior to the death of the transferor, and therefore, made in contemplation of death and subject to the inheritance tax of Ohio.

Albert H. Sealy, Jr., as executor of the estate and as trustee under the trust, filed exceptions to the determination of an inheritance tax, which exceptions were as follows:

"1. That the Court erred in determining that the property listed in Schedule D which was given by said Albert H. Sealy to said trust is subject to inheritance tax and in determining by split entry inheritance tax in the amount of $2,897.73 with respect thereto.

"2. That said gifts to said trust were not made in contemplation of the death of said Albert H. Sealy or intended to take effect in possession or enjoyment at or after such death within the meaning of **Division (C)** of §5731.02 R. C.

"3. That even if said gifts to said trust were subject to inheritance tax the rate applicable thereto would be that specified by **Division (A)** of §5731.12 R. C., and not by **Division (C)** thereof because the beneficiaries of the trust are the lineal descendants of said Albert H. Sealy (primarily his grandchildren) except that the trust could be extended to adopted children of lineal descendants, there being no adopted children presently in existence or contemplated."

The Probate Court overruled the exceptions, and an appeal on questions of law has been made by the son as executor and trustee on the ground that the order, judgment, and decree of the Probate Court is against the manifest weight of the evidence.

The Probate Court took into consideration §§5731.01 (E), 5731.02 (c) (1), 5731.04 and 5731.28 R. C., in determining the taxability of the trust property.

Counsel for both sides have cited the following as the leading cases dealing with the problem of contemplation of death: **Tax Commission of Ohio v. Parker, 117 Oh St 215; In re Estate of Robinson, 145 Oh St 55; In re Estate of Thompson, 147 Oh St 119; and In re Estate of Walker, 161 Oh St 564.**

The appellant feels that the gifts in the instant case, having been made during the Christmas season, were more an act of generosity on the part of a grandfather towards his grandchildren and were made to take care of not only a future need, but the immediate need of the education of the three grandchildren. The appellant believes that the

evidence showed that the grandfather, as the donor, was not interested in any legal procedures involved in providing for the education of the grandchildren, but left that entirely to his lawyer son; that the fact that the donor executed a will on the same day that he instituted the trust agreement is of no significance in view of the testimony that the will was an afterthought on the part of the donor after he had signified his intention of providing for the education of the grandchildren; and that the signing of the will on the same day was only done as a matter of convenience to the donor.

The appellant cites many decisions of the Courts of Appeals of Ohio in support of his contention. See **In the Matter of the Estate of Frantz, 62 Oh Ap 271; In re Estate of Brenholts, 66 Oh Ap 539; In re Estate of Seidensticker, 75 Oh Ap 73; In re Estate of Hildebrant, 86 Oh Ap 246;** and **In re Estate of Scott, 50 Abs 193.**

Appellant further feels that testimony showing that the decedent intended to take a trip to visit relatives in his native country of England, medical evidence showing the good health of the decedent based on examination by a physician in March of 1957, and the relinquishment of all control over the trust funds by the decedent should have led the Probate Court to a decision that the acts of the donor in the instant case were not made with any thought of death.

The appellee feels that the testimony did not show any present need in the education of the grandchildren that was being fulfilled by the generous gift of the grandfather. The appellee further feels that, because of the recent death of the donor's wife (November, 1956), the age of the donor (75), and the execution of the will on the date of the execution of the trust, a Probate Court could come to no other conclusion than that the gifts were made in the contemplation of death.

While it is true that the courts have difficulty in determining whether an act was performed in contemplation of death, as stated in the case of the Tax Commission of Ohio v. Parker, supra, "The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transferor was to distribute or partially distribute his estate, or was simply to do an act of generosity or kindness."

In the instant case, it cannot be said that the Probate Court was not justified in finding that the distribution made at the time and under the circumstances shown in this case was the beginning of a "systematic distribution of property, such a distribution of property as a person would make by will, and had for its purpose such purpose as would actuate the mind of a person making a will * * *." See Tax Commission v. Parker, supra, at Page 223.

The order of the Probate Court overruling the exceptions to the determination of the inheritance tax will be affirmed.

BRYANT, PJ, WISEMAN, J, concur.